WILLIAM BUNTON *vs.* JOHN RICHARDSON.

If an estate which is occupied by a tenant at will is sold by the owner, and the tenant remains in possession thereof after notice of the sale, he is liable in an action of contract for rent to the purchaser, under Gen. Sts. *c.* 90, §§ 25, 26.

CONTRACT brought to recover the rent of a tenement in Boston.

It was agreed in the superior court that on April 20th 1864 the defendant was in possession of the premises as tenant at will to one Tirrell, who on that day conveyed the same to the plaintiff; and the plaintiff at once gave notice thereof to the defendant and exhibited to him the deed, and requested him to vacate the premises. The defendant however continued to occupy the same for the time stated in the declaration.

On these facts, judgment was rendered for the plaintiff; and the defendant appealed to this court.

*J. Brown,* for the defendant.

*T. F. Nutter,* for the plaintiff.

BIGELOW, C. J. On familiar and well settled principles, the conveyance by the owner of the premises occupied by the defendant terminated the tenancy at will, and the latter thereby became tenant by sufferance only. At common law, such tenant would not be liable to the new owner for rent of the prem ises after such conveyance, without attornment or a new contract for the payment thereof. But such liability is expressly created by Gen. Sts. *c.* 90, §§ 25, 26. We see no reason why

these provisions are not applicable to cases like the one at bar The statute creates the privity and gives the cause of action.

*Judgment for the plaintiff.*